[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2006
THOMAS K. KAHN
CLERK

No. 05-14326
_____

D. C. Docket No. 03-00375-CV-WS-L

ROBERT S. ALLEN,

Petitioner-Appellant,

versus

GRANT CULLIVER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 6, 2006)**

Before ANDERSON and BARKETT, Circuit Judges, and STROM,* District
Judge.

_____
*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by
designation.

PER CURIAM:

Robert Allen appeals the district court's denial of his motion to accept as timely a Notice of Appeal ("NOA") from the denial of his petition for habeas corpus.[1]  Although the first document received by the district court – a motion to vacate which also asserted having delivered to the prison authorities a timely notice of appeal on March 28, 2004, thereby asserting a right to a belated appeal  – was received by the district court approximately a year after it was due, Allen claimed he was entitled to benefit from the "prison mailbox rule," articulated in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), and codified as Federal Rule of Appellate Procedure 4(c) , under which a <u>pro se</u> prisoner's NOA is deemed filed in federal court on the date it is delivered to prison authorities for mailing.  <u>Id.</u> at 275.  The district court

---

[1]     Allen's 1997 conviction in Alabama state court for first-degree robbery and attempted murder was affirmed by the Alabama court of Criminal Appeals.  His petition for certiorari was denied by the Alabama Supreme Court.  After two failed post-condition petitions in the state courts, Allen filed a petition for writ of habeas corpus under 28 U.S.C. §2254 in the federal district court for the Southern district of Alabama in June 2003.  His federal habeas petition alleged six claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, and a <u>Brady</u> violation.  Adopting the magistrate's report and recommendations, the district court dismissed the petition in an order dated March 17, 2004.  On May 4, 2005, Allen filed a motion to vacate and set aside the district court's order.  His motion contended that he should be permitted to proceed with his appeal because he had provided a properly addressed, postage-prepaid envelope containing his notice of appeal to the prison authorities at Holman correctional Facility on March 28, 2004.  The district court rejected this argument, concluded the petition was untimely, and denied Allen's motion on July 20, 2005.  We granted a certificate of appealability on the issue of "whether the district court properly denied appellant's request that the court accept his notice of appeal from the denial of his §2254 petition[.]"

2

never received the March 28, 2004, NOA which Allen alleged to have delivered to the prison authorities. The district court assumed (without finding) that Allen did, in fact, timely deliver his NOA to the proper prison authority, but it found that Allen, who had waited almost a year to inquire into the status of his appeal, was ineligible "to receive the benefit of the prisoner [sic] mailbox rule because he had failed to act with reasonable diligence in following up with court officials ...." Allen argues that the prison mailbox rule does not carry the due diligence requirement imposed by the district court.

In requiring the extra due diligence, the district court relied on Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001). In that case, the Ninth Circuit was asked to consider whether the mailbox rule applies if a prisoner's "petition is never received or filed by the court." Id. at 1222. The court held that the mailbox rule does apply under those circumstances, but only "so long as [the prisoner] diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time." Id. at 1223.

We conclude that the district court erred. As noted, the district court assumed that Allen did deliver a timely notice of appeal to the prison's system for legal mail. Under that assumption – i.e., if that were an actual fact – then both Houston and Fed.R.App.P. 4(c)(1) mandate a holding that the NOA was filed as of

3

the date of delivery to the prison authorities. Houston at 275; Fed.R.App.P. 4(c)(1) (comment to subdivision (c): "In Houston v. Lack, ... the Supreme Court held that a pro se prisoner's notice of appeal is 'filed' at the moment of delivery to prison authorities for forwarding to the district court."). Once there has been a finding of fact that a timely notice of appeal was in fact delivered to the proper prison authorities (proper postage prepaid) for mailing to the district court, there is no room, either in Houston or in Fed.R.App.P. 4(c), for the operation of a diligence requirement. Thus, in the current posture of this case, the judgment of the district court must be reversed.

However, it is clear from the district court's order that it did not actually find as a fact that Allen had delivered a notice of appeal to the prison authorities on March 28, 2004; rather, the district court merely assumed that fact. Accordingly, on remand, the district court may inquire further as to the actual facts concerning whether or not, and when, a notice of appeal was delivered to the prison authorities. The district court may take into account any and all relevant circumstances, including any lack of diligence on the part of Allen in following up in a manner that would be expected of a reasonable person in his circumstances, in deciding whether the notice was delivered to the prison authorities. With respect to any such inquiry on remand, we construe both Houston and Fed.R.App.P. 4(c) to

4

imply that the burden of proof should be placed upon the state if Allen has satisfied the requirement of Fed.R.App.P. 4(c)(1) ("timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746 or by a notarized statement, either of which must set forth the date of the deposit and state that first class postage has been prepaid.").[2]

Accordingly, the judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

[2] Such placement of the burden of proof is also suggested by Houston. See id. at 275-76 (prisons "have well-developed procedures for recording the date and time at which they receive papers for mailing and ... can readily dispute a prisoner's assertions that he delivered a paper on a different date ... the prison will be the only party with access to at least some of the evidence needed to resolve such questions.").