[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-12100
Non-Argument Calendar

_____

D. C. Docket No. 07-01461-CV-ORL-31-DAB

MICHAEL DEAN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 12, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Michael Dean, a Florida state prisoner proceeding pro se, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court found Dean's petition to be untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). After review, we vacate the district court's dismissal of Dean's § 2254 petition and remand for further proceedings.

## I. BACKGROUND

### A. 2002 State Convictions

On November 16, 2001, a Florida jury found Dean guilty of two counts of robbery with a deadly weapon, one count of attempted robbery with a deadly weapon, and one count of fleeing or attempting to elude a law enforcement officer with lights and siren activated. The Florida circuit court sentenced Dean to life imprisonment. Dean appealed his convictions and sentence to the Florida Fifth District Court of Appeal, which summarily affirmed on November 19, 2002. The ninety-day period for Dean to file a petition for a writ of certiorari in the United States Supreme Court expired February 17, 2003. Without a tolling event, Dean's time for filing a § 2254 petition expired on February 17, 2004.

### B. State Collateral Rule 3.800(a) Proceeding

This appeal concerns only Dean's Florida Rule of Criminal Procedure

2

3.800(a) "motion to correct illegal sentence" and whether it tolled the statute of limitations for filing Dean's § 2254 petition.[1]  Dean avers he put his Rule 3.800(a) motion in the hands of prison officials for mailing to the Florida circuit court on June 24, 2003.  Dean has filed a copy of the motion that contains a certificate of service signed by Dean and dated June 24, 2003, in which Dean declared under penalty of perjury "that this motion to correct illegal sentence was delivered to jail officials for mailing on June 24th, 2003."  The Rule 3.800(a) motion does not contain a prison mail stamp.

Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed <u>if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date</u>, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."  <u>Thompson v. State</u>, 761 So. 2d 324, 326 (Fla. 2000) (emphasis added).  Once the inmate meets his burden, the presumption of timely filing "shift[s] the burden to the State to

---

[1]Dean filed two other state post-conviction motions that do not affect the timeliness of Dean's § 2254 petition.  On December 1, 2004, Dean filed in the Florida circuit court a Rule 3.850 motion.  The Florida circuit court denied Dean's Rule 3.850 motion on March 3, 2006, and denied Dean's motion for rehearing on March 22, 2006.  Dean appealed, and on August 8, 2006, the Florida Fifth District Court of Appeal summarily affirmed.
On December 6, 2004, Dean also filed in the Florida Fifth District Court of Appeal a habeas corpus petition alleging ineffective assistance of counsel during his direct appeal.  On February 4, 2005, the Florida Fifth District Court of Appeal summarily denied the petition.

3

prove that the document was not timely placed in prison officials' hands for mailing." Id. Pursuant to Florida's mailbox rule, Dean contends his Rule 3.800(a) motion should be deemed filed as of June 24, 2003. See Griffin v. Sistuenck, 816 So. 2d 600, 601 (Fla. 2002) ("Under the mailbox rule, a notice is deemed filed when it is delivered to prison authorities for mailing.").

During 2003 to 2006, there was no ruling on Dean's Rule 3.800(a) motion that he avers he gave to prison officials on June 24, 2003. Dean has filed copies of three "letters of inquiry," dated August 14, 2003; October 5, 2004; and August 28, 2006, that Dean allegedly sent to the Florida circuit court to inquire as to the status of his Rule 3.800(a) motion.

Ultimately, on September 29, 2006, Dean filed in the Florida circuit court a pleading entitled "Express and Specific Demand for Performance." In this pleading, Dean requested that the Florida circuit court rule on his pending Rule 3.800(a) motion to correct illegal sentence. Dean alleged that his Rule 3.800(a) motion was deemed filed on June 24, 2003 pursuant to Florida's mailbox rule, and that more than three years had passed without any ruling on the motion. Dean attached a copy of the Rule 3.800(a) motion, which contained the June 24, 2003 certificate of service, to his pleading.

On November 1, 2006, the Florida circuit court issued an order striking

4

Dean's "Express and Specific Demand for Performance" because "neither the case files nor the Clerk's computer contains any indication that Defendant ever filed such a [Rule 3.800(a)] motion" and "there are currently no pending matters before the Court for which Defendant's present demand could properly be considered."

On November 13, 2006, Dean moved the Florida circuit court to accept his Rule 3.800(a) motion nunc pro tunc as of June 24, 2003. Dean again argued that the certificate of service on his Rule 3.800(a) motion established a filing date of June 24, 2003, pursuant to Florida's mailbox rule.

On December 18, 2006, the Florida circuit court – without ordering or receiving a response from the State – denied Dean's motion to accept his Rule 3.800(a) motion, which was actually received by the court only on November 22, 2006, as filed with the court nunc pro tunc as of June 24, 2003. The Florida circuit court concluded that because Rule 3.800(a) motions "are not subject to any time constraints, and may even be filed many years after the judgment and sentence becomes final, the Court accepts Defendant's Motion to Correct Illegal Sentence, the instant Motion, as properly filed November 22, 2006" with the court. The Florida circuit court pointed out that there was "no date stamp from any corrections facility indicating the date it was provided to corrections officials for mailing," and that the "only date the motion contains is Defendant's handwritten date." The

Florida circuit court's order made no mention of Florida's mailbox rule, which focuses on the certificate of service.

After accepting Dean's Rule 3.800(a) motion as properly filed on November 22, 2006 with the court, the Florida circuit court then turned to the merits of Dean's Rule 3.800(a) motion. The Florida circuit court denied the Rule 3.800(a) motion on the merits. Dean appealed, and on March 20, 2007, the Florida Fifth District Court of Appeal summarily affirmed. Dean v. State, 951 So. 2d 853 (Fla. Dist. Ct. App. 2007) (table). The mandate issued on May 21, 2007.

## C.    Federal Habeas Proceedings

On September 7, 2007, Dean filed in the United States District Court for the Middle District of Florida a § 2254 petition for a writ of habeas corpus. The State moved to dismiss Dean's petition as barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations.[2] Dean's response asserted, inter alia, that for purposes of § 2244(d), his Rule 3.800(a) motion should be deemed "properly filed" on June 24, 2003 under the Florida mailbox rule, and that it therefore tolled the federal one-year statute of limitations. Dean also filed his three letters to the Florida circuit

---

[2]The State argued that the one-year limitations period expired on February 17, 2004, one year after Dean's judgment became final by the expiration of the time for seeking certiorari review; that Dean's Rule 3.850 motion did not toll the statute of limitations because it was filed after the limitations period expired; and that Dean's Rule 3.800(a) motion did not toll the statute of limitations because the Florida circuit court determined it was filed on November 22, 2006 instead of June 24, 2003.

6

court inquiring about the status of his Rule 3.800(a) motion.

The district court concluded that Dean's § 2254 petition was untimely because it was filed in 2007 – after the limitations period expired on February 17, 2004 – and Dean's Rule 3.800(a) motion did not toll the limitations period. As to the latter finding, the district court relied both on the Florida circuit court's refusal to file Dean's Rule 3.800(a) motion nunc pro tunc as of June 24, 2003, as well as what it found to be a lack of diligence by Dean in following up on the status of his Rule 3.800(a) motion:[3]

> [G]iven the state court's explicit finding that Petitioner's Rule 3.800(a) motion was not filed until November of 2006 and the circumstances surrounding Petitioner's alleged delivery of his Rule 3.800(a) motion to prison officials, including his lack of diligence in following up on the status of the motion, the Court concludes that Petitioner's Rule 3.800(a) motion was not "properly filed" on June 24, 2003.

The district court dismissed Dean's § 2254 petition with prejudice. This Court granted Dean a certificate of appealability as to "[w]hether the district court erred by finding that Dean's petition for a writ of habeas corpus was untimely."[4]

---

[3]The district court acknowledged that the diligence requirement it applied to Dean was borrowed from a case, Allen v. Culliver, 471 F.3d 1196, 1198 (11th Cir. 2006), that applied the federal mailbox rule, not Florida's, and that "it is not clear whether Allen is applicable in determining whether a legal document was filed in a state court."

[4]Our review is de novo. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) ("We review de novo the district court's determination that the petition for federal habeas corpus relief was time-barred under section 2244(d).").

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 1810 (2005). This one-year period begins on the latest of four dates. 28 U.S.C. § 2244(d)(1). The one that applies here is "the date on which the judgment [being challenged] became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2). But once the limitations period expires, no state collateral proceedings filed thereafter will toll the statute of limitations, because there is no longer anything left to toll. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

The parties agree that the AEDPA limitations period began to run for Dean on February 17, 2003. Thus, unless the period was tolled, it expired on February 17, 2004. The parties do not dispute that Dean's Rule 3.800(a) motion qualifies as an "application for State post-conviction or other collateral review" under § 2244(d)(2). The issue is whether, for purposes of § 2244(d)(2)'s calculations,

8

Dean's Rule 3.800(a) motion was "properly filed" on June 24, 2003 or November 22, 2006. See 28 U.S.C. § 2244(d)(2). If the former date applies, then Dean's § 2254 petition was timely.[5] If the latter date applies, Dean's § 2254 is barred by AEDPA's statute of limitations.

In determining whether – or when – a state court pleading was "properly filed" for purposes of § 2244(d)(2), we look to state procedural rules. Wade v. Battle, 379 F.3d 1254, 1259-60 (11th Cir. 2004). In Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000), the Supreme Court stated that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." (Emphasis in original).

Under Florida law, there is no time limit for filing Rule 3.800(a) motions. See Fla. R. Crim. P. 3.800(a) (providing that, once the time for filing a Rule 3.800(b)(1) motion to correct sentencing error has expired, a party may file a Rule 3.800(a) motion to correct an illegal sentence "at any time"). And the Florida

_____

[5]Dean's convictions became final on February 17, 2003. If Dean's Rule 3.800(a) motion was properly filed as of June 24, 2003, then 127 days of Dean's AEDPA limitations period had run until it was tolled, and the tolling continued until May 21, 2007, the date the Florida Fifth District Court of Appeal issued its mandate following its affirmance of the Florida circuit court's denial of Dean's Rule 3.800(a) motion. See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (concluding that, in Florida, postconviction motions remain pending for purposes of § 2244(d)(2) until issuance of mandate by Florida appellate court). From May 21, 2007 until Dean filed his § 2254 petition on September 7, 2007, another 109 days ran. Thus, if Dean's Rule 3.800(a) motion was properly filed on June 24, 2003, then only 236 days of Dean's limitations period ran between the date his convictions became final and the date he filed his § 2254 petition, which is well within the one-year limit.

courts accepted and ruled on the merits of Dean's Rule 3.800(a) motion. Thus, there is no question that Dean's motion was properly filed under Florida law. In this case, the question is what date of filing should this Court use for purposes of applying AEDPA's statute of limitations. More specifically, should we apply Florida's mailbox rule and use the June 24, 2003 date that is on the certificate of service and on which Dean avers he gave his Rule 3.800(a) motion to prison officials, or should we use the November 22, 2006 date based on the Florida circuit court's refusal to grant Dean nunc pro tunc status and accept his Rule 3.800(a) motion as received by the court on June 24, 2003.

Here, according to Florida's mailbox rule, Dean's Rule 3.800(a) is presumed to be timely filed as of June 24, 2003, because Dean's motion "contain[ed] a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on [June 24, 2003], [and] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson, 761 So. 2d at 326.

The Florida circuit court's order never mentioned the mailbox rule, nor did it have to. It was not necessary for the Florida circuit court to address the mailbox rule or to grant Dean nunc pro tunc acceptance of his Rule 3.800(a) motion because for purposes of the state court proceeding, Dean's Rule 3.800(a) motion

10

was timely even if received by the court only on November 22, 2006. But none of that changes the fact that for purposes of applying § 2244(d)(2) statutory tolling, where the Florida mailbox rule does come into play, Dean's Rule 3.800(a) motion is presumed to have been properly filed as of June 24, 2003.[6]

The State argues that the Florida circuit court made a factual finding that Dean's Rule 3.800(a) motion was not filed until November 22, 2006, that this factual finding is presumed correct, and that Dean has not rebutted this finding with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence"). The State's characterization of the Florida circuit court's order is incorrect. The Florida circuit court made no factual finding. Instead, it merely reached the legal conclusion that Dean was not entitled to nunc pro tunc acceptance of his Rule 3.800(a) motion. As the Florida circuit court stated, "Defendant seeks to have the Court accept his motion to correct illegal sentence as filed June 24, 2003. This, the Court cannot do."

More importantly, this is not a case where the state court refused to consider

_____

[6]We also find that the district court's importation of a diligence requirement into the "properly filed" analysis, under these circumstances, is misplaced. Florida's mailbox rule does not contain any diligence requirement and, as noted above, we look to state law in determining whether a pleading was "properly filed." Wade, 379 F.3d at 1260.

11

the petitioner's state collateral petition, either because of untimeliness or any other reason. The Florida circuit court, after stating that it would not accord Dean's Rule 3.800(a) motion <u>nunc pro tunc</u> status, considered and denied the Rule 3.800(a) motion on the merits. Again, whether Dean's Rule 3.800(a) motion was filed on June 23, 2004 or November 22, 2006 did not matter, as the Florida circuit court noted in its order denying Dean's motion. In sum, while Dean's Rule 3.800(a) motion was properly filed as a Rule 3.800(a) motion on November 22, 2006 because no Florida statute of limitations applied, it was also properly filed as of June 24, 2003 for purposes of § 2244(d) because of Florida's mailbox rule.

### III. CONCLUSION

For the reasons set forth above, we vacate the district court's dismissal of Dean's 28 U.S.C. § 2254 petition and remand for further proceedings consistent with this opinion. Upon remand, the State should be given the opportunity, if it wishes, to try to overcome the presumption that Dean's Rule 3.800(a) motion was timely filed as of June 24, 2003 by showing that the motion was not timely placed into prison officials' hands for mailing on that date.

**VACATED AND REMANDED.**