[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 19-10782
Non-Argument Calendar

————————————

D.C. Docket No. 4:16-cv-00019-HLM; 4:10-cr-00012-HLM-WEJ-1

GEORGE D. HOUSER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————

(April 10, 2020)

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

George Houser, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate sentence as untimely.  Houser argues that his § 2255 motion was timely filed because it was deposited in the prison's mail system on or before the expiration of the statute of limitations, and the district court misinterpreted Rule 3(d) of the Rules Governing Section 2255 Proceedings. After careful review, we vacate and remand for further proceedings.

Following a bench trial, Houser was convicted of one count of conspiracy to commit health care fraud, eight counts of payroll tax fraud, and two counts of failure to file individual income tax returns.  *United States v. Houser*, 754 F.3d 1335, 1337 (11th Cir. 2014).  He was sentenced to 240 months' imprisonment.  *Id.* We affirmed on direct appeal.  *Id.*

Houser subsequently filed a typed § 2255 motion using the designated § 2255 form.  At the end of the form, he stated that he executed the motion on January 17, 2016, and delivered it to prison authorities for mailing on January 19, 2016, followed by his typed name, but without his signature in ink.  Houser also attached an *in forma pauperis* affidavit, which was executed on January 17, 2016 and bore Houser's signature.  Additionally, Houser included a summary of his claims which bore his signature and was dated January 19, 2016.  The prison's received stamp on the envelope containing this motion was dated January 14,

2

2016.[1]  The district court received and docketed Houser's § 2255 motion on Monday, January 25, 2016.

The district court ultimately denied his § 2255 motion as barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2255(f)(1).[2]  In reaching this conclusion, the district court determined that the statute of limitations expired on January 20, 2016, and even though Houser's motion and other related documents were dated and signed prior to this date, the motion was untimely because Houser failed to sign a declaration in compliance with 28 U.S.C. § 1746, pursuant to Rule 3(d) of the Rules Governing Section 2255 Proceedings.  Houser appealed, and a judge of this Court granted a certificate of appealability as to "whether Houser's 28 U.S.C. § 2255 motion was timely filed under the prison mailbox rule."

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  We review *de novo* the dismissal of

---

[1]  We acknowledge that the prison's received stamp is confusing given the date the motion was signed by Houser, but this particular factual discrepancy has no bearing on the outcome of this appeal.

[2] AEDPA provides that, generally, a federal prisoner must file his § 2255 motion within one-year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  In this case, all parties agree that Houser's judgment of conviction became final on January 20, 2015, and, therefore, he had until January 20, 2016 to file a timely § 2255 motion.

3

a § 2255 motion as time-barred.  *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).

Under the prison mailbox rule, a *pro se* prisoner's § 2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  In *Houston*, the Supreme Court explained that this bright-line rule applies to *pro se* prisoners because they necessarily lose control over their filing when they deliver it to prison authorities.  487 U.S. at 275.  Thus, "[a]bsent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date he signed it," and "[t]he burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  The government bears this burden because "prisons 'have well-developed procedures for recording the date and time at which they receive papers for mailing and [ ] can readily dispute a prisoner's assertions that he delivered the paper on a different date.'"  *Id.* (quoting *Houston*, 487 U.S. at 275).

Consistent with the prison mailbox rule, Rule 3(d) of the Rules Governing Section 2255 Proceedings, provides that:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.

4

Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746[3] or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Contrary to the district court's conclusion, we have never held that in order to be timely filed, a § 2255 motion must contain a declaration in compliance with § 1746. Indeed, the plain language of Rule 3(d), which provides that "[t]imely filing *may be shown* by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement," undermines such a contention. *See* Rule 3(d), Rules Governing Section 2255 Proceedings (emphasis added). The plain language of the rule indicates that there are multiple ways in which a prisoner can demonstrate the timeliness of a filing, including, but not limited to, filing a declaration in compliance with § 1746.

The government's reliance on our decision in *Daniels* for the contrary proposition is misplaced. *Daniels*, our only published case regarding Rule 3(d), did not hold that strict compliance with Rule 3(d) is required before a § 2255 motion may be timely filed. Rather, in *Daniels*, consistent with *Houston* and its progeny, we applied the common law prison mailbox rule and explained that Daniels's § 2255 motion was presumed filed on September 4, 2013, the date he

---

[3] A sworn declaration under § 1746, is a statement that: "'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746(2).

5

signed and dated the motion.  809 F.3d at 589.  This date, however, was beyond the applicable one-year statute of limitations.  *Id.*  Daniels argued that a different filing date than the date he signed his § 2255 motion should apply because he submitted the motion to prison authorities for mailing on an earlier date.  *Id.* at 590.  In support of his contention, he submitted an affidavit stating that he placed his motion in the prison mailbox prior to the expiration of the relevant statute of limitations.  *Id.*  We explained that "Rule 3(d) . . . permits a prisoner to show that his motion was timely by making that type of declaration," but that under the rule the declaration must include both the date of deposit and that "first-class postage has been prepaid."  *Id.*  Daniels's affidavit did not comply with Rule 3(d) because, while he stated the date of deposit, he failed to state that he prepaid for first-class postage.  *Id.*  Consequently, we held that the affidavit did not overcome the presumed filing date—the date that his § 2255 motion was signed.  *Id.*  In other words, we considered Rule 3(d) and its requirements only because Daniels argued that a filing date different from the date he signed his § 2255 motion should apply and attempted to establish that alternative date through a declaration under Rule 3(d).  *Id.* at 589–90.

Similarly, *Allen v. Culliver*, 471 F.3d 1196 (11th Cir. 2006), does not support the government's position.  *Allen* involved the timeliness of a notice of appeal under Rule 4(c) of the Federal Rules of Appellate Procedure, which at the

time included virtually identical language to Rule 3(d) at issue here. *Id.* at 1197–98. In that case, Allen filed a motion for the district court to accept as timely his belated-appeal from the denial of his petition for a writ of habeas corpus, arguing that, although he was now outside the applicable window to appeal, he had in fact delivered a timely notice of appeal to prison authorities for mailing on an earlier date (which it was undisputed the district court never received). *Id.* at 1198. The district court assumed, without finding, that Allen in fact delivered the notice of appeal on that earlier date, but then concluded that he was not entitled to benefit from the mailbox rule because he failed to act with due diligence in inquiring as to the status of his appeal. *Id.* On appeal, we explained that, based on the district court's assumption that Allen delivered a timely notice of appeal to the prison's mailing system, "both *Houston* and [Rule 4(c)(1)] mandate a holding that the NOA was timely filed as of the date of delivery to the prison authorities." *Id.* at 1198. We then held that the district court abused its discretion in imposing a due diligence requirement, as "there is no room, either in *Houston* or in [Rule 4(c)], for the operation of [such] a requirement." *Id.* Finally, we noted that, on remand, the district court had the discretion to inquire further concerning the alleged delivery of the notice of appeal and make a factual finding as to that issue, and that the burden of proof was on the government, provided that "Allen ha[d] satisfied the requirement of Fed. R. App. P. 4(c)(1) ('timely filing may be shown by a

7

declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement. . . .').")[4]  Thus, *Allen*, like *Daniels*, demonstrates that, absent evidence to the contrary, the date a filing is delivered to prison authorities for mailing is the presumptive filing date.  *Id.*

In this case, all the record evidence indicated that Houser's *pro se* § 2255 motion was signed and executed on January 17, 2016, and delivered to prison authorities for mailing on January 19, 2016.  Thus, "absent evidence to the contrary in the form of prison logs or other records," the district court was required to assume that Houser's § 2255 motion was filed on January 19, 2016, which was prior to the expiration of the one-year statute of limitations.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Daniels*, 809 F.3d at 589; *Jeffries*, 748 F.3d at 1314.  Houser was not required to present a declaration in compliance with Rule 3(d) in order to be entitled to this mailbox rule presumption.  *See Daniels*, 809 F.3d at 589.  Pursuant to *Houston* and its progeny, the burden then shifted to the government to demonstrate that Houser delivered the motion on a date other than January 19, 2016, which it failed to do based on its mistaken belief that Houser had to first comply with Rule 3(d).  Therefore, on remand, the district

---

[4]  Although we referenced Rule 4(c)'s declaration requirements in passing, that was because Allen was arguing that he should be given the benefit of the mailbox rule based off of a timely notice of appeal that he allegedly gave to prison authorities, but which the district court never received.  In other words, because the document in question was lost, in order to receive the benefit of the prison mailbox rule, Allen would have had to complete a declaration averring when he delivered the document to prison authorities.

court may give the government an opportunity to meet this burden, provided that Houser is also given an opportunity to respond.

Accordingly, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.[5]

**VACATED AND REMANDED.**

---

[5] Houser's pending motion for leave to file an appendix out of time is DENIED AS MOOT.