[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11317

Non-Argument Calendar

_____

STACY ANTONIO SCOTT, JR.,

Plaintiff-Appellant,

*versus*

GLENN J. WHITE,
Deputy Sheriff, Osceola County Sheriffs Office,
ROBERT M. STOCKMAN,
Deputy Sheriff, Osceola County Sheriffs Office, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01753-PGB-GJK

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Stacy Antonio Scott, Jr., proceeding *pro se*, appeals the district court's grant of a motion to dismiss her 42 U.S.C. § 1983 claim for failure to satisfy the Florida statute of limitations under the prison mailbox rule.

We review *de novo* a district court's ruling on a motion to dismiss. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Under the prison mailbox rule, a *pro se* prisoner's case is deemed filed the date is it delivered to prison authorities for mailing. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). "[T]he mailbox rule applies to *pro se* prisoner litigants because a prisoner necessarily loses control of his filing when he delivers it to prison authorities." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). *Pro se* prisoners "are unable to file personally in the clerk's office, they cannot utilize a private express carrier, and they cannot place a telephone call to ascertain whether a document mailed for filing arrived." *Garvey*, 993 F.2d at 780. Additionally, *pro se* prisoners do not have counsel to monitor the filing process and thus have no

recourse other than to entrust court filings to prison authorities over whom they have no control. *Jeffries*, 748 F.3d at 1310.

The burden is on prison authorities to prove the date a prisoner delivered her documents to be mailed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent contrary evidence, like prison logs or other records, we assume that a prisoner delivered a filing to prison authorities on the day the prisoner signed it. *Id.* A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule regardless of whether the document is received by the court. *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006). Further, a *pro se* prisoner's notice of appeal is deemed filed when delivered to prison authorities for forwarding to the district court. *Id.*

Because we write only for the parties who are familiar with the facts, we discuss in the course of our analysis only the facts necessary to understand our decision. In order to file the Complaint within the applicable statute of limitations, Scott had to file it on or before July 13, 2017. We hold that the district court erred in failing to apply the mailbox rule. Applying that rule, we hold that the Defendants failed to carry their burden of proof with respect to the date that Scott delivered the Complaint to prison officials, and accordingly, on this record the mailbox rule applies and the Complaint is deemed filed in March 2017, well within the statute of limitations.

The district court noted that it would typically apply the prison mailbox rule and find that the date a plaintiff signed and

turned the complaint over to prison officials would serve as the date of filing. However, the district court found the envelope[1] containing Scott's Complaint had a return address for Santa Rosa Correctional Institution, different from Apalachee Correctional Institution in which Scott was imprisoned at the time of her initial Complaint, and the envelope containing the Complaint was stamped by prison officials at Santa Rosa on September 3, 2019. The district court reasoned:

> The mailing envelope contradicts the date [December 21, 2016] the Complaint was signed by Plaintiff. Furthermore, it is unlikely that the Complaint was mailed from Apalachee Correctional Institution in December 2016, became lost in the Florida Department of Corrections mail system for almost three years, and then was subsequently mailed on September 3, 2019, from a different prison without Plaintiff's knowledge. Consequently, based on the evidence apparent from the record, the Court concludes that this action is barred by the statute of limitations.

Doc. 46 at 8.

The problem with the reasoning of the district court is that it failed to take full cognizance of the fact that the Complaint bore on its first page a stamp indicating that it was received by Apalachee prison officials on December 27, 2016, well within the applicable

---

[1]    The envelope was not scanned and entered in the court docket, but the court took judicial notice of it.

21-11317                Opinion of the Court                5

statute of limitations.  The Apalachee prison stamp shows no indi-cation of fabrication.

Although the Complaint did arrive at the district court in an envelope with a return address from Santa Rosa and bearing the Santa Rosa stamp indicating it was delivered to prison officials at the belated date of September 3, 2019, the Complaint not only in-dicated that it was signed by Scott on December 21, 2016, but it was also stamped with the Apalachee stamp on December 27, 2016. While it may well be one thing to deem that the belated envelope from Santa Rosa would be sufficient to rebut the presumption based on the date which the prisoner provides as the signature date of the Complaint,[2] the apparently authentic December 27, 2016, date stamp provided by the Apalachee prison officials is quite an-other thing.

Although we understand the district court's confusion based on the unexplained belated envelope from Santa Rosa in which the Complaint was delivered to the district court, we cannot overlook the fact that the Defendants have the burden of proving the date the Complaint was delivered to the prison authorities.  In light of the evidence here supporting the fact that the Complaint was de-livered to the Apalachee prison officials on December 27, 2016—i.e. in light of the evidence provided by the Apalachee prison stamp—we conclude that the district court erred.  On the basis of the instant record, we cannot conclude that the Defendants carried their burden of proof.[3]  On remand, the district court may well

---

[2]    In this case, we need not, and of course do not, so hold.

[3]    Defendants cite nonbinding decisions for the proposition that a pris-oner petitioner claiming the benefit of the mailbox rule should also be required

want to permit development of the facts to more precisely determine what actually happened with respect to whether and when Scott delivered the Complaint to the Apalachee prison officials.

Accordingly,[4] the judgment of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED**

---

to show diligence in ascertaining the status of his filing after allegedly delivering a mailing to prison officials. In conjunction with this argument, the Defendants urge us not to consider Scott's explanation for the delayed delivery of the copy of the Complaint to the Santa Rosa prison officials and Scott's evidence that she was in fact diligent in following up. This is because Scott filed that evidence in the district court only after the district court ruled, i.e. simultaneously with Scott's notice of appeal. Because the district court relied on Scott's lack of diligence in following up only with respect to its separate ruling on equitable tolling—and did not rely on it in declining to apply the mailbox rule—we decline to address these arguments in the first instance.

[4]    We also reject the Defendants' argument that the notice of appeal was untimely. The judgment of the district court was entered on February 17, 2021. Scott's notice of appeal—which was dated March 8, 2021, with its Apalachee prison stamp dated March 8, 2021—indicates that it was delivered to the prison officials on that date, which was well within the deadline for filing the appeal.