[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10620

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHUNDREZ FULLER,
a.k.a. Drez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:17-cr-00006-LAG-TQL-6

_____

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Shundrez Fuller filed a *pro se* notice of appeal from his judgment of conviction entered November 16, 2018. Fuller included a signed declaration that referenced 28 U.S.C. § 1746 and stated that he timely delivered his notice of appeal to prison authorities for mailing on November 3, 2018, one week after his sentencing hearing. *See* Fed. R. App. P. 4(b)(1)(A)(i), (c)(1)(A); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). His notice thus became effective upon entry of the judgment. *See* Fed. R. App. P. 4(b)(2); *Manrique v. United States*, 581 U.S. 116, 123 (2017). However, the district court did not receive Fuller's notice of appeal until February 24, 2023, over 4 years after the expiration of the 14-day deadline to appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i).

The United States moved to dismiss Fuller's appeal as untimely. First, it argued that Fuller's declaration was deficient and could not establish a November 3, 2018, filing date. It also presented additional documents to rebut the mailing date that Fuller provided, including evidence about the postage stamp used and Fuller's movements between prisons, and noted that the mailing envelope was not postmarked until February 22, 2023. *See Allen v. Culliver*, 471 F.3d 1196, 1198–99 & n.2 (11th Cir. 2006).

We deferred ruling on the government's motion and *sua sponte* remanded this case to the district court for the limited

purpose of determining when Fuller's notice of appeal was filed, since the documents the government included with its motion had not been presented to the district court in the first instance. *See Sanders v. United States*, 113 F.3d 184, 186 n.2 (11th Cir. 1997).

On remand, the district court found that Fuller mailed his notice of appeal while he was imprisoned at Federal Correctional Institution Bennettsville, where he was housed from January 10, 2019, until November 19, 2023. It also determined that the envelope in which Fuller mailed his notice of appeal had a pre-printed American flag stamp that read "USA Forever," which the United States Postal Service did not release until June 15, 2020. Based on these factual findings, the district court deemed Fuller's notice of appeal filed sometime after June 15, 2020.

Upon review of the record following remand, we conclude that Fuller's notice of appeal is untimely to challenge the November 16, 2018, final judgment. The district court deemed the notice filed sometime after June 15, 2020, which was, at a minimum, eighteen months after the deadline to appeal the judgment in the instant case. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Jeffries*, 748 F.3d at 1314. Because the government properly raises an untimeliness objection by moving to dismiss Fuller's appeal, we "must apply the time limits of [Federal] Rule [of Appellate Procedure] 4(b)." *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009).

Accordingly, the government's motion to dismiss Fuller's appeal as untimely is GRANTED, and this appeal is DISMISSED. All other pending motions are DENIED as moot.