**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4404**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS ANTONIO MCNEILL,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:08-cr-00188-F-1)

Submitted: March 16, 2010        Decided: March 31, 2010

Before MICHAEL, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Marcus McNeill of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). McNeill also pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced McNeill to a total of 420 months of imprisonment and McNeill now appeals. Finding no error, we affirm.

McNeill first challenges the district court's refusal of his proposed jury instruction on multiple conspiracies. "'The decision to give or not to give a jury instruction is reviewed for an abuse of discretion.'" United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (quoting United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (en banc)). "A multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the appellant was] involved only in separate conspiracies unrelated to the overall conspiracy charged in the indictment." United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000) (internal quotation marks and citation omitted) (emphasis in original). "Error will be found in a conspiracy instruction if the proof of multiple conspiracies was likely to have confused the jury into imputing guilt to [the defendant] as a member of one conspiracy because of the illegal activities of members of the other

2

conspiracy." United States v. Jeffers, 570 F.3d 557, 567 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009) (internal quotation marks and citation omitted).

McNeill argues that the evidence demonstrated three separate conspiracies to distribute cocaine base between McNeill and three witnesses who testified at trial. McNeill contends that, as this created a variance from the single conspiracy charged in the indictment, the district court erred in refusing his proposed jury instruction on single versus multiple conspiracies. We have thoroughly reviewed the record, however, and conclude that McNeill has failed to demonstrate that he was prejudiced by the court's refusal to charge the jury on multiple conspiracies.

McNeill also challenges the procedural and substantive reasonableness of the sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately

3

explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, we "then consider the substantive reasonableness of the sentence imposed." Id. This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is substantively reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding permissibility of presumption of reasonableness for within guidelines sentence).

McNeill first argues that the district court erred in calculating the drug weight attributable to him by relying on testimony of witnesses that was not credible. The district court's determination of the drug amount involved is a factual issue reviewed for clear error. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). Under the clear error standard of review, this court will reverse only if "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). At sentencing, the Government need only establish the amount of drugs involved by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 560 n.20, 562 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008); United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). "[W]here there is no drug seizure or the amount of drugs seized does not reflect the scale

4

of the offense, the court shall approximate the quantity of the controlled substance." United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

We have reviewed the record and find that the district court did not err in relying on the testimony of trial witnesses to determine the drug weight it attributed to McNeill. See Cook, 76 F.3d at 604 (district court afforded "broad discretion as to what information to credit in making its calculations."). We therefore conclude that the district court properly calculated the advisory guidelines range.

McNeill next argues that the district court failed to adequately explain its chosen sentence and consider the parties' arguments for a sentence outside of the advisory guidelines range. See United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009) (reaffirming that sentencing court must make individualized assessment on the record and explain rejection of parties' arguments for sentence outside guidelines range). Our review of the record, however, reveals that the district court properly considered the parties' nonfrivolous arguments regarding the sentence and adequately explained its chosen sentence. Accordingly, we find that the sentence is procedurally reasonable.

Finally, McNeill argues that the sentence is substantively unreasonable because the court relied on testimony

5

that was not credible in determining the drug weight and because the guidelines provide for harsher punishments for cocaine base offenses than cocaine offenses. McNeill has failed, however, to rebut the presumption of reasonableness we accord to his within-guidelines sentence. Therefore, we find that the sentence is also substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6