**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-8186**

STANLEIGH SHAW,

             Petitioner - Appellant,

        v.

UNITED STATES OF AMERICA,

             Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:09-hc-02107-BO)

Submitted:  November 22, 2010      Decided:  March 17, 2011

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Stanleigh Shaw, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanleigh Shaw was convicted in the Northern District of Alabama of possession of child pornography and sentenced in August 2008 to thirty-seven months in prison. Shaw, who is incarcerated at FCI-Butner, filed the subject 28 U.S.C. § 2241 (2006) petition in the Eastern District of North Carolina. The district court found that Shaw's claims, which attacked his conviction, were properly raised in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, rather than a § 2241 petition. However, the district court declined to construe Shaw's petition as a § 2255 motion because jurisdiction to entertain such a motion lies in the Northern District of Alabama and because such a construction would require notice to Shaw in accordance with Castro v. United States, 540 U.S. 375 (2003). The court dismissed the matter without prejudice as an improperly brought § 2241 petition. Shaw appeals.

A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to § 2255, with § 2241 petitions generally reserved for challenges to the execution of the sentence. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). If, however, § 2255 is inadequate or ineffective to test the legality of the detention, the prisoner "may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." In re Jones, 226 F.3d 328,

2

333 (4th Cir. 2000). Because § 2255 is neither inadequate nor ineffective to test the legality of Shaw's conviction, we conclude that the district court correctly determined that Shaw must bring his claims in a § 2255 petition. See id. at 333-34.

We further find that, instead of dismissing the petition, the district court should have transferred it pursuant to 28 U.S.C. § 1631 (2006) to the Northern District of Alabama. Such a transfer would serve the interest of justice because, if Shaw were now to file a § 2255 motion in that district, consideration of his claims likely would be barred by the applicable one-year limitations period. See 28 U.S.C. § 2255(f).[*]

We accordingly affirm in part, vacate in part, and remand to the district court so that the action may be transferred to the Northern District of Alabama. We dispense with oral argument because the facts and legal contentions are

---

[*] The district court performed merely an initial screening of Shaw's petition. The court made no substantive ruling on the merits of the petition and did not recharacterize it "as the litigant's first § 2255 motion." See Castro v. United States, 540 U.S. at 377 (emphasis added). Because there was no such recharacterization, the district court was not required to give Shaw the notice that Castro otherwise would require.

3

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>