**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6129

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

MARCUS ANTONIO MCNEILL,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.  (5:08-cr-00188-F-1)

Argued:  March 19, 2013                     Decided:  May 1, 2013

Before GREGORY, WYNN, and DIAZ, Circuit Judges.

Reversed and remanded by unpublished opinion. Judge Gregory
wrote the opinion, in which Judge Wynn and Judge Diaz joined.

**ARGUED:** Andrew Barr, DUKE UNIVERSITY SCHOOL OF LAW, Durham,
North Carolina, for Appellant.  Shailika K. Shah, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.
**ON BRIEF:** James E. Coleman, Jr., Sean E. Andrussier, Evan Coren,
Emily Spencer Munson, Seth Reich, DUKE UNIVERSITY SCHOOL OF LAW,
Durham, North Carolina, for Appellant.  Thomas G. Walker, United
States Attorney, Jennifer P. May-Parker, W. Ellis Boyle,
Assistant United States Attorneys, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Marcus Antonio McNeill appeals the district court's dismissal of his motion for relief from a federal conviction under 28 U.S.C. § 2255. The district court ruled that McNeill's error in addressing his petition to the wrong district court rendered the prison mailbox rule, as articulated in Houston v. Lack, 487 U.S. 266 (1988), inapplicable. As such, the court did not conduct a factual inquiry into whether McNeill actually sent his petition -- albeit to the wrong court -- before the statute of limitations expired. On appeal, McNeill argues that his petition was timely under the prison mailbox rule or, alternately, that the court should consider the petition timely under the doctrine of equitable tolling. We do not reach his latter argument. Instead, we reverse the district court's ruling that McNeill's addressing error was fatal, and conclude that if McNeill sent his petition as he said he did, then the prison mailbox rule is applicable. As such, we remand for factual findings in accordance with the instructions herein.

I.

In 2009, a jury convicted McNeill of conspiracy to distribute, and possess with the intent to distribute, 50 grams or more of crack cocaine and 500 grams or more of powder cocaine. The district court sentenced him to 420 months in

2

prison. We affirmed the district court's judgment and sentence in an unpublished per curiam opinion. United States v. McNeill, 372 F. App'x 420 (4th Cir. 2010). The U.S. Supreme Court denied certiorari on June 21, 2010, initiating the one-year statute of limitations for habeas relief under 28 U.S.C. § 2255, to terminate on June 21, 2011. See McNeill v. United States, 130 S. Ct. 3487 (2010); 28 U.S.C. § 2255(f).

After false starts with two attorneys, McNeill enlisted a fellow inmate, known to him as "Brother Bey," to help him file his § 2255 petition pro se. Bey mistakenly told McNeill to file his petition with the district court in the Southern District of Indiana, where McNeill was incarcerated at the time, instead of with the appropriate district court in the Eastern District of North Carolina, where McNeill was sentenced. See 28 U.S.C. § 2255(a). According to McNeill, he filled out a standard Matthew Bender & Co. form to set out his claims for relief, and then hand delivered his petition with first-class postage to prison mailroom staff at the United States Penitentiary in Terre Haute, Indiana on May 23, 2011. McNeill later conferred with another inmate, R. Casper Adamson, who informed McNeill that he had mailed his petition to the wrong court. McNeill sent a letter on August 16, 2011, to the Clerk of Court in the Southern District of Indiana to request confirmation that his petition had arrived and had been filed. He did not receive a response.

3

He sent a second letter on October 31, 2011, and received a standard form response stating:

> The material you have submitted does not appear to be intended for filing in the U.S. District Court for the Southern District of Indiana and is therefore being returned to you. If the material is intended for filing in the District Court, please return it and include the docket number for the case in which it is to be filed.

There was also a one-sentence handwritten explanation above the standard form response, "[w]e do not a [sic] case for you in this district."

On November 5, 2011, McNeill wrote a letter to the Clerk of Court in the Eastern District of North Carolina asking if his petition had been transferred. Before receiving a response, McNeill filed a motion to accept his petition as timely filed along with a "Sworn and Incorporated Memorandum of Law as Timely Filed" pursuant to 28 U.S.C. § 1746. The district court in North Carolina received the motion on December 5, 2011.

On December 12, 2011, the district court denied McNeill's motion to accept the petition as timely filed. The court found that misplaced reliance on a jailhouse lawyer does not constitute the extraordinary circumstances required for a grant of equitable tolling.

McNeill filed a motion for relief from the judgment on December 21, 2011. McNeill argued that the district court should have applied the "prison mailbox rule," which establishes

4

that a petition is deemed filed upon delivery to prison mailroom officials. Houston, 487 U.S. at 270-72. The district court found that the prison mailbox rule did not apply because the envelope in question was not correctly addressed to the proper recipient.

McNeill timely appealed the district court's decision. We granted a certificate of appealability and have jurisdiction pursuant to 28 U.S.C. § 2253.

II.

Where a petitioner brings an appeal related to the denial of a § 2255 motion, we review de novo the legal conclusions of the district court. United States v. Nicholson, 475 F.3d 241, 248 (4th Cir. 2007).

McNeill argues that he timely filed his § 2255 petition because he gave it to the prison mailroom staff on May 23, 2011, four weeks before the statute of limitations ran. In Houston, the Supreme Court announced the prison mailbox rule establishing that a pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk." 487 U.S. at 275. The Court sympathized with the limitations on a pro se prisoner who is

> [u]nskilled in law, unaided by counsel, [] unable to
> leave the prison, [and whose] control over the
> processing of his notice necessarily ceases as soon as

5

he hands it over to the only public officials to whom he has access -- the prison authorities . . . .

Id. at 271-72. The prison mailbox rule protects against potential mishandling or delay by prison staff and others, whether intentional or unintentional. Rule 3(d) of the Federal Rules Governing 28 U.S.C. §§ 2254 and 2255 Cases codified the rule, as follows:

> Rule 3(d) Inmate Filing. A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

McNeill's case presents a matter of first impression for the Fourth Circuit, but the disposition and reasoning of other circuits in similar cases is informative. In Huizar v. Carey, a California state prisoner convicted of first degree murder stated he delivered a state court habeas petition to prison mailroom officials on April 15, 1996. 273 F.3d 1220, 1222 (9th Cir. 2001). On June 19, 1996, he wrote to the court to inquire about the petition but received no reply. Id. Twenty-one months later, his sister submitted a second copy of the petition. Id. Huizar wrote to inquire about his second attempt at filing the petition, and received a response stating that the

6

petition had never been received.  Id.  After Huizar was finally able to file his state habeas petition, and the state court denied it, he filed a federal habeas petition.  Id.  The district court dismissed the petition as time-barred.  Id.  The Ninth Circuit, however, found that Huizar should "get[] the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time."  Id. at 1223.  The court emphasized that it was applying Houston because Huizar had no control of the petition once it left his hands.  Id.  Ultimately, the court remanded to the district court to make factual findings regarding whether Huizar actually delivered the petition to prison mail authorities and whether he was diligent in his follow-up efforts.  Id. at 1224.  The court concluded that "[i]f the district court finds that the facts are as Huizar claims them to be, it shall deem his petition timely and consider it on the merits."  Id.

The Eleventh Circuit also applied the prison mailbox rule where the document in question was never filed, but rejected the Ninth Circuit's diligence requirement.  Allen v. Culliver, 471 F.3d 1196 (11th Cir. 2006) (per curiam).  In Allen, the district court denied a motion to accept as timely a Notice of Appeal ("NOA") from denial of a petition for habeas relief.  The first document the district court received arrived one year after it

7

was due and included a claim that petitioner was entitled to the prison mailbox rule even though the district court never received the NOA that petitioner said he timely delivered to prison mail staff. Id. at 1198. The district court assumed the document was in fact delivered on time, but, applying Huizar's diligence requirement, denied the motion on the basis that the inmate "failed to act with reasonable diligence in following up with court officials . . . ." Id. The Eleventh Circuit reversed, stating that "[o]nce there has been a finding of fact that a timely notice of appeal was in fact delivered to the proper prison authorities (proper postage prepaid) for mailing to the district court, there is no room, either in Houston or in Fed. R. App. 4(c), for the operation of a diligence requirement." Id. The court remanded for further fact-finding regarding whether or not Allen actually delivered the NOA to prison authorities. Id.

Huizar and Allen illustrate the fact-bound nature of the inquiry where a prisoner claims to have submitted a legal document to prison mail authorities, but no document arrives or is filed at the district court. While there is discord between Huizar and Allen on whether to impose a diligence requirement, both courts remanded for further factual findings as to whether the legal documents in question were actually delivered to the prison mail system on time.

We similarly find that the prison mailbox rule should apply if McNeill mailed his petition before the end of the applicable limitations period. The foundational rationale for the prison mailbox rule is that a prisoner should not be held accountable for the handling of his mail where he has no control. Houston, 487 U.S. at 271. As the Supreme Court explained, "the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise . . . ." Id. A litigant not confined to prison would be able to hand deliver his petition to a clerk of court. If he approached the wrong court, he would likely learn of his mistake upon attempting to submit the petition. The pro se prisoner does not have the privilege of shepherding his documents through a complex legal system. His lack of control is a deprivation for which the prison mailbox rule compensates.

Here, the district court has not made any clear factual finding that McNeill did, or did not, mail the petition on May 23, 2011. There is yet no evidence on the record from the prison's outgoing mail log that clarifies whether McNeill sent his petition when he said he did. McNeill correctly points out that the court's sua sponte ruling precluded the government from conducting the straightforward inquiry necessary to determine whether there is a time-certain record of McNeill's mailings.

We believe it was premature to deny McNeill's motion without first completing this basic factual inquiry. McNeill satisfied his initial burden of proof establishing an exception to the statute of limitations by submitting a declaration under § 1746, rendering him eligible for the prison mailbox rule. See Allen, 471 F.3d at 1198. The state now bears the burden of proof to establish that the statute of limitations has run and that the prison mailbox rule does not apply. Ray v. Clements, 700 F.3d 993, 1007 (7th Cir. 2012).

On remand, the district court must answer two narrow questions. First, the court must determine whether McNeill sent his petition on time. The petitioner's diligence after a timely submission of his petition is irrelevant. There is nothing in § 2255, nor any corresponding rule, requiring that a pro se litigant diligently monitor his petition after it has been submitted. Nor did the Supreme Court require diligence in Houston. The district court here should not consider petitioner's diligence in making its factual determinations. This inquiry is strictly limited to what transpired before June 21, 2011, when the statute of limitations for filing the petition ended.

Of course, this case is different than Huizar and Allen because, unlike the petitioners in those cases, McNeill admits he addressed his petition to the wrong district court. However,

10

upon receiving a wrongfully filed petition in a civil action, a court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. The operation of § 1631 is essential to the survival of McNeill's petition. Under § 1631, the receiving court treats the petition as filed when it was deemed filed in the sending court. As such, the need for transfer does not affect the timing principle of the prison mailbox rule.[1]

However, if McNeill had sent his petition to another errant location where § 1631 did not mandate transfer, then we could not find that his petition was timely filed because it never would have arrived in the appropriate court. For instance, McNeill's petition would be doomed if it had been sent to and received by a government office that is not a court as defined by § 1631 and 28 U.S.C. § 610.[2] The prison mailbox rule and

---

[1] The relevant portion of § 1631 explains that "the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631.

[2] Section 1631 mandates transfer from "courts," including "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and (Continued)

§ 1631 work in tandem in this case: The prison mailbox rule dictates that McNeill's petition was filed when he relinquished control to the prison mailroom authorities and § 1631 assures us that the District Court for the Southern District of Indiana would have transferred the petition to the proper court. As such, the second question the district court must answer on remand is whether McNeill did in fact send his petition to the district court in Indiana, or some other court that falls under the mandate of § 1631.

To clarify, we do not treat transfer under § 1631 as mandatory. See Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (declining petitioner's "invitation to impose on the district courts a blanket policy of mandatory transfer of unauthorized successive petitions . . . for consideration as PFA motions"). A district court retains discretion to dismiss a wrongly filed petition if it is frivolous. Phillips v. Seiter, 173 F.3d 609, 610-11 (7th Cir. 1999) (explaining that transfer of a frivolous, time-barred case is a waste of judicial resources); Galloway Farms, Inc. v. United States, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 because they were frivolous). However, where a petitioner's

the Court of International Trade. 28 U.S.C. § 1631; 28 U.S.C. § 610.

12

right to the "great writ" is at stake, there are few scenarios where it would not be in the interest of justice to transfer the petition to the proper court.[3] See Ex parte Yerger, 8 Wall. 85, 95 (1868) ("The great writ of habeas corpus has been for centuries esteemed the best and only sufficient defence of personal freedom.").

We have held before, albeit in an unpublished case, that transfer under § 1631 for an improperly filed petition is in the interest of justice where the statute of limitations would otherwise bar a petitioner from pursuing his habeas rights. Shaw v. United States, 417 F. App'x 311 (4th Cir. 2011) (unpublished). In Shaw, the petitioner attempted to file a 28 U.S.C. § 2241 petition in the Eastern District of North Carolina. Id. at 312. The district court found that the claims the petitioner submitted were properly raised in a § 2255 petition, but refused to construe the petition as such because proper jurisdiction for a § 2255 motion was in the Northern District of Alabama. Id. We reversed and found that the district court should have transferred the petition pursuant to § 1631. Id. We explained that "[s]uch a transfer would serve the interest of justice because, if Shaw were now to file a

_____

[3] The petition in question here is McNeill's first. Where a petitioner has filed multiple successive petitions, a court could find the petition frivolous and dismiss immediately.

13

§ 2255 motion in that district, consideration of his claims likely would be barred by the applicable one-year limitations period." Id. Additionally, the Seventh Circuit -- which is the court of appeals for the Southern District of Indiana -- has explained that a "compelling reason" for transfer exists under § 1631 when a mis-addressed, but otherwise timely filed petition will be time-barred if transfer does not occur. Phillips, 173 F.3d at 610. We have no trouble concluding that the Southern District of Indiana would have been compelled by this precedent to transfer the petition to the Eastern District of North Carolina.

We find that in these circumstances, transfer from the Southern District of Indiana to the appropriate court in the Eastern District of North Carolina would be in the interest of justice. If on remand the district court makes a factual finding that McNeill did submit his petition to the prison mail authorities before the statute of limitations ran, and that he sent it to a court bound by § 1631, then his petition should be heard on the merits.

III.

For the reasons discussed above, we reverse the decision of the district court and remand for further proceedings in accordance with the above instructions.

<u>REVERSED AND REMANDED</u>