**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHARLES L. JONES,

      Petitioner - Appellant,

v.

JAMES HEIMGARTNER; DEREK
SCHMIDT,

      Respondents - Appellees.

No. 14-3197
(D.C. No. 5:12-CV-03055-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

---

Petitioner-Appellant Charles Jones, a Kansas state inmate appearing pro se,

seeks a certificate of appealability (COA) so that he may appeal the district

court's denial of his habeas petition, 28 U.S.C. § 2254. In order to obtain a COA,

Mr. Jones must make a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). The district court found that Mr. Jones' petition

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

was time-barred. Thus, Mr. Jones must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Because the district court resolved factual disputes against Mr. Jones as a matter of law, we will grant a COA, reverse, and remand for further proceedings.

Background

Mr. Jones was convicted of first-degree murder on February 1, 2000 and was sentenced to life in prison without the possibility of parole for 25 years. Despite being 16 years old at the time the murder, Mr. Jones was tried as an adult. Mr. Jones' conviction was affirmed on direct appeal. State v. Jones, 47 P.3d 783 (Kan. 2002). On October 21, 2002, his petition for a writ of certiorari was denied. Jones v. Kansas, 537 U.S. 980 (2002).

Mr. Jones subsequently initiated post-conviction relief proceedings in Kansas state court. On July 9, 2004, Mr. Jones filed what appeared to be his first motion for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. The state district court denied it as untimely, but the Kansas Court of Appeals remanded for further proceedings. Jones v. State, 120 P.3d 381 (Kan. Ct. App. 2005) (table case). On remand, the state district court denied Mr. Jones' petition on the merits and that denial was affirmed. Jones v. State, 203 P.3d 739 (Kan.

- 2 -

Ct. App. 2009) (table case).

Additionally, in June 2009, Mr. Jones filed a motion to correct illegal sentence pursuant to Kan. Stat. Ann. § 22-3504. That motion was summarily denied by the state district court because the issues raised in the motion were previously raised and decided. The Kansas Supreme Court affirmed. State v. Jones, 257 P.3d 268 (Kan. 2011), cert. denied 132 S. Ct. 1097 (2012).

Finally, on February 24, 2012, Mr. Jones filed this federal habeas petition. The district court, finding reason to believe Mr. Jones' petition was untimely, entered an order requiring Mr. Jones to show cause why his petition should not be dismissed. 1 R. 238–45. The court ordered the state to file a response addressing the timeliness issue. After receiving briefing on the issue from both parties, the district court dismissed the petition as time-barred. Jones v. Heimgartner, No. 12–3055–SAC, 2014 WL 4132155 (D. Kan. Aug. 19, 2014).

Discussion

The primary issue addressed in the district court's order is whether Mr. Jones is entitled to the benefit of the "prison mailbox rule." In short, the timeliness issue turns on whether Mr. Jones' February 2012 § 2254 motion relates back to an earlier filing that occurred within the statute of limitations. Mr. Jones contends that on March 28, 2003—a date within the limitations period of

§ 2244(d)(1)[3]—he handed the following pre-stamped documents to a corrections officer for mailing via the prison mailing system: a § 2254 petition, a motion to stay federal proceedings, and a Kan. Stat. Ann. § 60-1507 petition for post-conviction relief. 1 R. 81–83. Mr. Jones argues that this was sufficient to invoke the prison mailbox rule and, by virtue of the March 28, 2003 filings, sufficient to toll the limitations period. The district court, however, found no evidence that Mr. Jones submitted a § 2254 petition in 2003 and therefore found that he had not made the requisite showing to invoke the prison mailbox rule. Based on this finding, the district court concluded that Mr. Jones' February 2012 habeas petition did not relate back to an earlier filing; rather, the court concluded that the first time Mr. Jones sought post-conviction relief was when he filed a Kan. Stat. Ann. § 60-1507 petition on July 9, 2004. Accordingly, the court determined that Mr. Jones' § 2254 petition was time-barred and did not warrant application of the principle of equitable tolling.

To support his contention that he did in fact submit a § 2254 petition in 2003, Mr. Jones attached to his February 2012 § 2254 petition the following exhibits: (1) a signed affidavit from Mr. Jones stating that on March 28, 2003 he handed over for mailing via the prison mailing system a § 2254 petition and motion to stay with prepaid first class postage; (2) a Form 9 official prison

---

[3] Mr. Jones' conviction became final on October 21, 2002. The district court thus concluded that the one-year statute of limitations on Mr. Jones § 2254 petition ran "on or about October 22, 2003." Jones, 2014 WL 4132155, at *1.

document purporting to establish that a corrections officer verified Mr. Jones had submitted for mailing his "2254 legal mail"; (3) a signed affidavit by the corrections officer stating that it was the facility policy for Mr. Jones to hand the corrections officer his § 2254 petition for mailing, rather than mailing it himself; and (4) copies of the handwritten § 2254 petition and motion to stay that were purportedly handed to the corrections officer on March 28, 2003.

The district court rejected Mr. Jones' argument that he had taken action sufficient to toll the statute of limitations. It concluded:

> While an inmate's personal declaration may be sufficient to invoke the prison mailbox rule when filing was <u>delayed</u> due to circumstances beyond the inmate's control[,] it is not sufficient standing alone to establish that a pleading to initiate a case that never reached the court was in fact surrendered for mailing. When the alleged initial pleading never reached the court, the petitioner must provide some substantiation beyond his personal declaration.

<u>Jones</u>, 2014 WL 4132155, at *5 (emphasis added). In reaching this conclusion, the district court relied on the following facts: there are no court records indicating that a § 2254 petition or motion to stay was ever received; there is no evidence in the correctional facility mail log showing that a § 2254 petition or motion to stay was ever sent; in the almost nine years between his apparent filings Mr. Jones never inquired about the status of his petition or motion, not even following-up to receive a case number, and; "nothing about the hand-written petition and stay motion exhibited by Mr. Jones establishes that these papers were actually created, signed, submitted for mailing, actually mailed, or filed in March

- 5 -

2003." Id. Similarly, the district court found that neither the Form 9 prison document nor the correctional officer's affidavit established that Mr. Jones handed over a § 2254 petition and motion to stay in March 2003. The district court also concluded that Mr. Jones failed to establish circumstances warranting application of the doctrine of equitable tolling. Id. at 7–8.

In Price v. Philpot, 420 F.3d 1158, 1165–1166 (10th Cir. 2005), we held that an inmate may prove compliance with the mailbox rule with a declaration stating the date the pleading was delivered to prison officials and that first-class postage was prepaid. The district court appears to have imposed an additional requirement: that the pleading actually reach the court. Moreover, other cases considering this issue have recognized the factual nature of the inquiry even given non-receipt. See, e.g., United States v. McNeill, 523 F. App'x 979 (4th Cir. 2013) (unpublished); Ray v. Clements, 700 F.3d 993 (7th Cir. 2012); Stoot v. Cain, 570 F.3d 669 (5th Cir. 2009); Allen v. Culliver, 471 F.3d 1196 (11th Cir. 2006) (per curiam); Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001).

The State has responded that (1) the district court did not impose an additional requirement—that the pleading actually reach the court—on the prison mailbox rule, or (2) Price is distinguishable and not directly applicable because it did not deal with a "missing" pleading. Regardless, the State argues that the district court merely elaborated on the evidentiary threshold required when a pleading does not reach the court. Citing Ray v. Clements, 700 F.3d at 1011, the

State argues that in such circumstances a petitioner must provide not only a sworn declaration concerning the facts justifying the mailbox rule, but also some other corroborating evidence. According to the State, no other evidence (other than Mr. Jones' assertions) supports his claim that he attempted to file his petition. Aplee. Memo Br. at 3. We disagree.

In Ray, the Seventh Circuit stated that "other corroborating evidence" may be "documentary (for example, copies of the filing, postmarked envelope, or other correspondence) . . . . [or] testimonial." Id. (emphasis added). Mr. Jones attached to his most recent § 2254 motion (1) a signed affidavit that he hand-delivered both state and federal motions for post-conviction relief, and (2) documents purporting to be copies of the handwritten § 2254 petition and motion to stay that were allegedly handed to the corrections officer on March 28, 2003.

The evidence submitted created fact questions which must be resolved by the district court. While it is true that Mr. Jones' failure to follow up on the status of his March 2003 habeas petition "weighs heavily against application of the equitable mailbox rule," Jones, 2014 WL 4132155, at *6; see, e.g., Stoot, 570 F.3d at 672; Culliver, 471 F.3d at 1198; Huizar, 273 F.3d at 1223, other facts could be resolved in Mr. Jones' favor. Thus, the district court's procedural ruling is clearly debatable, and we are persuaded that the appropriate course is to grant a COA, reverse, and remand for the taking of evidence. See Hinzo v. Tapia, 378 F. App'x. 857, 859 (10th Cir. 2010); York v. Galetka, 314 F.3d 522, 528 (10th Cir.

- 7 -

2003). We express no opinion on the merits of the procedural issue, or the underlying claims.

We GRANT Mr. Jones IFP status, GRANT a COA, and REMAND for further proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge