**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT W. WINKEL,

 Petitioner - Appellant,

v.

WARDEN JAMES HEIMGARTNER,

 Respondents - Appellees.

No. 15-3290
(D.C. No. 5:14-CV-03214-JTM)
(D. Kan..)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **BALDOCK**, Circuit Judges.

Petitioner Robert Winkel, a Kansas state prisoner appearing pro se, seeks a

certificate of appealability to appeal the district court's denial of his 28 U.S.C.

§ 2254 habeas petition as procedurally defaulted based on the Kansas Supreme

Court's rejection of his state petition for review on timeliness grounds. In so

doing, the district court failed to consider Petitioner's arguments under the correct

legal standards and resolved disputed issues of fact against Petitioner as matter of

law. We therefore grant the request for a certificate of appealability and reverse

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and remand this case for further consideration by the district court.

Following a jury trial, Petitioner was convicted in state court of aggravated kidnapping, aggravated battery, criminal damage to property, and criminal deprivation of property. His convictions were affirmed on appeal. *State v. Winkel*, 322 P.3d 1026 (Kan. App. 2014). Petitioner then sought to file a pro se petition for review in the Kansas Supreme Court. However, according to Petitioner's sworn allegations and evidence, his petition for review was not accepted by the court for two reasons. First, although he had given the petition to prison authorities for mailing days before the filing deadline, it was not mailed until May 12, 2014—the day it was due—and was accordingly not received by the court until later. Second, due to "facility issues" outside of Petitioner's control, the court was sent only one copy of the petition, not the ten copies required by the court's rules. (R. at 513.) Although Petitioner was shortly thereafter able to resolve the facility issues and send ten copies of his petition to the court, the chief deputy clerk of the court notified Petitioner it could not accept his pleadings because the mandate had already issued.

Petitioner subsequently filed his federal petition for habeas corpus, raising many of the same issues included in his direct appeal and unfiled petition for review. A magistrate judge reviewed Petitioner's § 2254 petition and issued an order to show cause why it should not be dismissed as procedurally barred, since it "appear[ed] petitioner failed to timely present the claims in his direct appeal to

-2-

the Kansas Supreme Court." (R. at 495.)

In his response to the show cause order, Petitioner argued his claims were not procedurally defaulted because he gave his petition for review to prison authorities three days before the deadline, and "[t]his qualifies for the state 'prison mailbox rule.'" (R. at 503.) He also explained again that issues with the prison had prevented him initially from complying with the court's rules regarding the number of copies to be submitted, but that he was able to correct this shortcoming soon thereafter. Petitioner also submitted supporting evidence, including his own affidavit, an affidavit purportedly signed by a prison official, and an account withdrawal request showing money was withdrawn from his prison account to pay for postage to the Kansas Supreme Court on May 9, 2014.

The district court rejected these arguments and denied the petition as procedurally barred. The district court first held that Petitioner's claims were procedurally defaulted because the Kansas Supreme Court rejected his petition for review on procedural grounds. The district court then held that Petitioner had not shown cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. In reaching this conclusion, the court held that Petitioner was not entitled to the benefit of the prison mailbox rule because he had not met the exacting formalistic requirements of the federal prison mailbox rule, *see United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004), and because he had not submitted a copy of the prison mail logs or other official prison

documents that would have provided better evidence of his allegations than the evidence he submitted. To support its conclusion that Petitioner should have submitted official prison documents to support his prison mailbox claim, the district court cited to an earlier case in which a different district court judge had reached the same conclusion—and been reversed by this court for so doing. *See Jones v. Heimgartner*, No. 12-3055-SAC, 2014 WL 4132155 (D. Kan. Aug. 19, 2014), *rev'd by Jones v. Heimgartner*, 602 F. App'x 705 (10th Cir. 2015).

After the district court denied relief, Petitioner filed a post-judgment motion in which he argued his petition for review should have been considered timely under state law. Petitioner pointed out the timeliness of his state court filing should have been considered by reference to the state's prison mailbox rule, not by the federal rule, and he argued his evidence was sufficient to satisfy the more generous state rule. Petitioner also briefly argued his petition should have been considered timely based on a different Kansas rule that adds an additional three days to the filing deadline where, as here, service is made by mailing. For both of these reasons, Petitioner argued the state court deputy clerk erred in rejecting his attempted filing, and thus his claims should not be considered to be procedurally defaulted. He also pointed out the district court's exacting evidentiary demands were contrary to our decision in *Jones*, in which we explicitly held that the district court erred in finding that a prisoner's filing was untimely as a matter of law where the prisoner had submitted evidence such as his

-4-

own affidavit and an affidavit from a prison official, creating a dispute of fact as to whether he had complied with the prison mailbox rule.

The district court denied Petitioner's post-judgment motion on the basis that Petitioner had "change[d] his argument" to rely on Kansas's three-day rule, rather than the prison mailbox rule he relied on before, and it was inappropriate for him to use a post-judgment motion to advance a new theory as to why his § 2254 petition should not be denied as procedurally defaulted. The court reiterated its prior holding that Petitioner had failed to comply with the federal prison mailbox rule's requirements, completely failing to acknowledge or address Petitioner's argument that the state prison mailbox rule applied and that—as he had consistently maintained from the beginning—his petition for review should have been considered timely filed under this state rule.

We are persuaded that the district court erred in so doing, and we accordingly grant Petitioner's request for a certificate of appealability and reverse and remand this case for further proceedings. First, as Petitioner pointed out to the district court, federal procedural rules have no relevance in determining whether a state filing to a state court was entitled to the benefit of a state procedural rule. Kansas has its own prison mailbox rule, which is completely separate and independent from the federal courts' rules for determining the timeliness of filings made in the federal courts, and the district court committed a clear legal error in importing federal procedural requirements to decide whether

Petitioner was entitled to the benefit of an independent state procedural rule. Under the Kansas prison mailbox rule "a prisoner's pro se documents [are deemed] 'filed' when he or she submits them to prison authorities for mailing." *Wahl v. State*, 344 P.3d 385, 388 (Kan. 2015). Nothing about the Kansas courts' description of this rule suggests a prisoner must specifically include the words "under penalty of perjury," expressly state postage was prepaid, or comply with other federal requirements in order to receive the benefit of the state court's separate state procedural rule.

Moreover, as we recently held in *Jones*, the district court may not reject a prisoner's evidence based on the court's conclusion that the prisoner should have submitted evidence of a different sort, nor may the court resolve disputes of fact against a prisoner as a matter of law. Petitioner's evidence was sufficient to create at least a dispute of fact as to whether he submitted his documents to prison authorities for mailing before the filing deadline, and the district court erred in concluding that he needed to "confirm" this evidence with prison mail logs or other additional evidence in order to avoid dismissal on the pleadings. Thus, the district court erred both in resolving disputed facts against Petitioner and in applying the incorrect legal rules to decide whether Petitioner's state law filing complied with the state prison mailbox rule.

Second, the district court erred in considering the applicability of the prison mailbox rule only in evaluating whether Petitioner had established "cause" to

-6-

excuse a procedural default, rather than first considering whether his claims were procedurally defaulted to begin with. The district court simply assumed that, because the state court rejected Petitioner's petition for review on procedural grounds, his claims must necessarily be procedurally defaulted. However, a state court's rejection of a petitioner's claims on procedural grounds constitutes a procedural default only if the state's decision is based on "an independent and adequate state procedural ground." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007) (citation omitted). "To be adequate, a state rule of procedural default must be applied evenhandedly in the vast majority of cases." *Id.* (brackets and citation omitted). If a petitioner places the question of the rule's adequacy at issue, the burden then shifts to the state to prove the adequacy of the rule. *Id.* at 1141. Here, Petitioner placed the question of the rule's adequacy at issue by pointing to several other cases in which Kansas state courts have held that prisoners' documents are deemed filed as soon as they are submitted to prison authorities. Thus, Petitioner has raised a legitimate question as to whether the state court's rejection of his pleading as untimely was based on an adequate state law ground, where this rejection appears to be contrary to the rule applied to other prisoners' filings. Because the district court denied Petitioner's habeas petition before Respondent was ever served, the state has not yet attempted to meet its burden of proving the adequacy (i.e., evenhanded, consistent application) of the procedural basis on which the state court refused to file Petitioner's petition for

review.  The state will have the opportunity to do so on remand, if it so chooses.

Finally, we note that the Kansas Supreme Court also refused to accept Petitioner's initial filing on the basis that he had not provided the requisite ten copies of his petition to the court.  Petitioner argues the ten-copy rule, unlike the filing deadline, is not jurisdictional, and his initial failure to comply with this rule should therefore not have prevented his petition from being filed, especially since he quickly corrected the deficiency as soon as he was able to do so.  He points out that other Kansas courts have permitted the filing of pro se petitions despite similar failures to comply with technical, non-jurisdictional requirements.  *See, e.g.*, *Taylor v. McKune*, 962 P.2d 566, 570 (Kan. Ct. App. 1998).  This issue was not addressed by the district court, and Respondent has not yet had a chance to file a brief addressing this issue.  Thus, we will not resolve this issue on appeal in the first instance; we simply note that Petitioner has raised a sufficiently nonfrivolous question as to this potential procedural bar that it does not constitute an appropriate alternative reason for us to affirm the district court's decision in this appeal.

Where the district court denies a habeas petition on procedural grounds, we will grant a certificate of appealability if the prisoner shows that reasonable jurists would find debatable (1) whether the procedural ruling was correct, and (2) whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  However, when the merits of the

underlying constitutional claims have not been addressed by the district court or briefed on appeal, "our review is limited," and we "only take a quick look at the federal habeas petition to determine whether [the petitioner] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 802-03 (10th Cir. 2000) (internal quotation marks and brackets omitted). In this case, our quick look at the habeas petition persuades us that Petitioner has facially alleged the denial of a constitutional right, although we express no opinion as to the ultimate merits of his claims. For the reasons stated above, we are also persuaded reasonable jurists could debate the correctness of the district court's procedural ruling; indeed, we are convinced this case must be remanded for the district court to reevaluate the potential procedural bars in this case under the correct governing standards.

We accordingly **GRANT** Petitioner's request for a certificate of appealability and **REVERSE** and **REMAND** for further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge