**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT W. WINKEL,

      Petitioner - Appellant,

v.

JAMES HEIMGARTNER,

      Respondent - Appellee.

No. 16-3177
(D.C. No. 5:14-CV-03214-JTM)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

Robert Winkel, a Kansas state prisoner, filed a *pro se* habeas petition seeking relief from his conviction on various charges. After the district court dismissed the petition as procedurally defaulted, this court reversed. *Winkel v. Heimgartner*, No. 15-3290, 2016 WL 1534062 (10th Cir. Apr. 15, 2016). On remand, the district court reviewed and dismissed Mr. Winkel's petition on the merits and denied his application for a certificate of appealability (COA). Mr. Winkel now renews before us his request for a COA and also requests a release on personal recognizance pending review. Fed. R. App. P. 23(b)(3).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To obtain a COA, Mr. Winkel must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to establish "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Even construing Mr. Winkel's *pro se* filings liberally, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we do not see how he can make such a showing here. He raises before us two potential grounds for a COA: his right to counsel and his right to a speedy trial. Specifically, he claims his attorney acted contrary to his interests by requesting competency proceedings, and the resulting declaration that he was incompetent to stand trial caused him undue delay. But neither of these claims constitutes a substantial showing of the denial of a constitutional right.

This court has declared that "a lawyer with a reasonable doubt regarding the competency of his client to stand trial does not render ineffective assistance of counsel by raising the competency issue against the wishes of his client." *United States v. Boigegrain*, 155 F.3d 1181, 1190 (10th Cir. 1998). Mr. Winkel concedes this, but argues that the attorney's concerns were not legitimate because they arose only out of Mr. Winkel's silence. But the district court identified numerous other grounds that might give Mr. Winkel's counsel reason to pause — extensive

history of mental illness, paranoid schizophrenia, refusal to take medication —

and Mr. Winkel responds with nothing more than unsupported accusations that his

attorney conspired with the State. Neither did the finding that Mr. Winkel was

incompetent to stand trial violate his right to a speedy trial. *See Johnson v.*

*United States*, 333 F.2d 371, 374 (10th Cir. 1964) ("Appellant can not complain

of the denial of his constitutional right to a speedy trial because of his

confinement in a State mental institution . . . for the very purpose of determining

his competency to stand trial."). Accordingly, we deny Mr. Winkel's application

for a COA and dismiss this appeal, and we deny his motion for release pending

review.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge