George **KNICKERBOCKER,**
**Petitioner–Appellant,**

**v.**

**Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, and The Attorney General of the State of New York, Respondents–Appellees.**

**Docket No. 01–2140.**

United States Court of Appeals,
Second Circuit.

Submitted June 20, 2001.

Decided Oct. 5, 2001.

---

George Knickerbocker, Stormville, N.Y., pro se.

John J. Sergi, Westchester County District Attorney's Office, White Plains, N.Y., for Respondent–Appellee Christopher Artuz.

Before: JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Petitioner-appellant George Knickerbocker, an incarcerated state prisoner, moves *pro se* for *in forma pauperis* status and a certificate of appealability following the dismissal of his petition for a writ of habeas corpus by the United States District Court for the Southern District of New York (McMahon, *J.*). The district court entered judgment on January 17, 2001. Pursuant to Fed. R.App. P. 4(a)(1)(A), Knickerbocker was required to file his notice of appeal within thirty days of the entry of judgment, which in this case fell on February 16, 2001. Instead, the district court received Knickerbocker's

notice of appeal on February 21, 2001.[1] Knickerbocker had signed and dated the notice of appeal February 12, 2001, twenty-six days after the entry of judgment, and had verified that he was incarcerated in Stormville, New York. Attached ·to Knickerbocker's notice of appeal was an affirmation of service by his sister, Theresa Knickerbocker, stating that she mailed the notice of appeal to this Court on February 14, 2001.

■ In *Houston v. Lack*, the Supreme Court held that a *pro se* prisoner's notice of appeal is deemed filed on the date that the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," rather than when it is received by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *see also* Fed. R.App. P. 4(c) (allowing a notice of appeal filed by an incarcerated individual to be deemed filed as of the day it is given to prison officials for mailing). The Court explained that *pro se* prisoners cannot take the precautions that are available to other litigants to ensure that their documents are timely filed. "Worse," the Court continued, "the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Houston*, 487 U.S. at 271, 108 S.Ct. 2379.

■ Although Knickerbocker timely dated the notice of appeal, he did not deliver the document to prison officials to forward to the court clerk. Instead, he delivered the notice of appeal to his sister to mail to the court. Knickerbocker is not entitled to the benefit of the prison mailbox rule because, unlike the situation addressed in *Houston,* the delay in this case is not attributable to prison officials. Knickerbocker chose not to "entrust the forwarding of his notice of appeal to prison authorities," but rather gave it to his sister who, unlike prison officials, had no potential "incentive to delay." We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in *Houston* does not apply where a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk. *See Dison v. Whitley,* 20 F.3d 185, 187 (5th Cir.1994); *Wilder v. Chairman of the Cent. Classification Bd.,* 926 F.2d 367, 370 (4th Cir.1991). This rule applies both where a *pro se* prisoner gives a notice of appeal to an outside agent directly and where he delivers the notice of appeal to prison authorities to forward to an outside agent. *Houston,* 487 U.S. at 273, 108 S.Ct. 2379 ("[D]elivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the district court.").

■ We recognize, however, that Knickerbocker diligently tried to file his notice of appeal in a timely fashion, and that the parameters of the prison mailbox rule were unclear until today's ruling. We therefore remand the action to the district court to determine whether Knickerbocker's and his sister's affidavits can reasonably be construed as a motion for an extension of time to file his notice of appeal pursuant to Fed. R.App. P. 4(a)(5)(A).[2] As

---

**1.** The notice of appeal was actually received by this Court on February 21, 2001, and was then transferred to the district court. *See* Fed. R.App. P. 4(d) ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it

was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.").

**2.** Rule 4(a)(5)(A) provides: "The district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days

to whether it is reasonable or appropriate to do so, we express no view.

after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause."