**Juan Antonio TAPIA–ORTIZ,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**Docket No. 02–6137.**

United States Court of Appeals,
Second Circuit.

Oct. 30, 2003.

**466**

Juan Antonio Tapia–Ortiz, White Deer, Pennsylvania, pro se.

Varuni Nelson, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney; Charles P. Kelly, Assistant United States Attorney, on the brief), Central Islip, New York, for Appellee.

PRESENT: FEINBERG, KEARSE, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Juan Antonio Tapia–Ortiz, proceeding *pro se,* sued Defendant–Appellee the United States of America pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, for injuries allegedly sustained on September 7, 1991, when agents of the Drug Enforcement Administration ("DEA") used excessive force in arresting plaintiff on the charges for which he is presently incarcerated. *See United States v. Tapia–Ortiz,* 23 F.3d 738 (2d Cir.1994). Tapia–Ortiz now appeals from an award of summary judgment in favor of the United

States based on the district court's ruling, made after a hearing, that it lacked subject matter jurisdiction because plaintiff had failed to file a timely administrative claim as required by 28 U.S.C. § 2401.[1] Specifically supporting the district court's ruling were two factual findings: (1) Tapia–Ortiz had not mailed a copy of his administrative claim directly from prison to the DEA on August 24, 1998; and (2) the claim mailed on his behalf by Maria Mendez, the mother of his four children, on September 4, 1998 was not received by the DEA until September 8, 1993, one day after the limitations period expired.

Tapia–Ortiz submits that because these two factual issues were disputed, they should have been resolved by a jury rather than the court. In fact, the law is well established that the district court is empowered to resolve factual disputes pertaining to subject matter jurisdiction. *See Filetech S.A. v. France Telecom S.A.,* 157 F.3d 922, 932 (2d Cir.1998); *Cargill Int'l S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1019 (2d Cir.1993); *Antares Aircraft v. Fed. Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991). "We review the district court's factual findings regarding subject matter jurisdiction for clear error and its legal conclusion as to whether subject matter jurisdiction exists *de novo." Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 193 (2d Cir.2003); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 701 (2d Cir.2000).

---

1. The district court's hearing was an outgrowth of our remand in *Tapia–Ortiz v. John Doe,* 171 F.3d 150 (2d Cir.1999) (per curiam). In that appeal, we applied the "prison mailbox" rule, *see Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir. 1993), to Tapia–Ortiz's administrative filing and concluded that plaintiff had satisfied the two-year statute of limitations, *Tapia–Ortiz v. John Doe,* 171 F.3d at 152. In a petition for rehearing, the United States submitted that

Tapia–Ortiz was not entitled to the benefit of the mailbox rule because his complaint was not mailed from prison. Because the record was ambiguous on this point, we denied rehearing but encouraged the government to develop the record further in the district court. *Tapia–Ortiz v. John Doe,* 171 F.3d 150 (2d Cir.1999) (order denying petition for relief). We further suggested that counsel be appointed to assist Tapia–Ortiz at any jurisdictional hearing, which advice the district court followed.

### 1. *Factual Findings*

■ Tapia–Ortiz submits that the district court clearly erred in rejecting his sworn testimony that he had mailed an administrative claim directly from prison to the DEA on August 24, 1993. In reviewing this claim, we are obliged to give "due regard" to the district court's superior insights as to credibility gleaned from observing a witness testify firsthand. Fed.R.Civ.P. 52(a). Thus, "[w]here there are two permissible views" on a witness's credibility, "a factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *accord Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316–17 (2d Cir.2003). In this case, not only was Tapia–Ortiz's testimony about a direct mailing uncorroborated, but also its veracity was suspect because he had failed to allege any direct mailing in various earlier submissions to the courts. On this record, we cannot conclude that the district court's decision not to credit Tapia–Ortiz constituted clear error.

■ Tapia–Ortiz further complains that the district court erred in finding that the administrative complaint mailed by Ms. Mendez was received by the DEA on September 8, 1993, instead of September 7. The district court's finding was made after carefully reviewing detailed testimony about the workings of the United States Postal Service and DEA mail operations generally, as well as the Washington D.C. Brentwood Postal Station in particular. Because ample evidence supported the district court's finding of DEA receipt on September 8, there was no clear error in its rejection of contrary expert testimony or in its failure to apply the presumption of three-day delivery established in Fed. R.Civ.P. 6(e).

### 2. *Legal Conclusions*

■ For purposes of measuring compliance with the two-year limitations period for FTCA administrative claims set forth in 28 U.S.C. § 2401(b), 28 C.F.R. § 14.2 directs attention to the date the appropriate federal agency receives the claim. *See Mora v. United States*, 955 F.2d 156, 160 (2d Cir.1992). In light of the district court's finding that Tapia–Ortiz's only administrative filing was belatedly received by the DEA on September 8, 1993, and that this filing was mailed not by Tapia–Ortiz directly to the DEA but by Tapia–Ortiz to Ms. Mendez and then from her to the DEA, the prison mailbox rule offers plaintiff no relief from summary judgment. As this court ruled in *Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir.2001), "the prison mailbox rule … does not apply where a *pro se* prisoner delivers [papers] to someone outside the prison system for forwarding to the court clerk." Moreover, because the mailbox rule applies equally to court filing deadlines and agency filing deadlines, *Tapia–Ortiz v. John Doe*, 171 F.3d at 152, *Knickerbocker* fully controls this case.

■ Strict enforcement of a filing deadline can appear harsh and arbitrary "to individuals who fall just on the other side," *United States v. Locke*, 471 U.S. 84, 101, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985), but where, as in the case of the FTCA, the filing deadline is integral to waiver of sovereign immunity, even a one-day delay deprives the court of subject matter jurisdiction, *see generally Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719–20 (2d Cir.1998) (citing *Leonhard v. United States*, 633 F.2d 599, 624 (2d Cir.1980) (no jurisdiction where claims were presented to agency more than two years after accrual)).

Because the district court's factual findings were not clearly erroneous and be-

cause those findings support this court's conclusion on *de novo* review that the district court lacked subject matter jurisdiction, the award of summary judgment in favor of the United States is hereby AFFIRMED.