Joseph v. Conway

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fourteen.

PRESENT:  ROSEMARY S. POOLER,
          REENA RAGGI,
          DENNY CHIN,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -x

ROY JOSEPH,

                Petitioner-Appellant,

                -v-                              13-1154

JAMES CONWAY, Superintendent,

                Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:    GEORGIA J. HINDE, New York, New York.

FOR RESPONDENT-APPELLEE:     DIANE R. EISNER, Assistant District Attorney (Leonard Joblove, Amy M. Applebaum, Assistant District Attorneys, on the brief), for Kenneth P.

Thompson, District Attorney, Kings County, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

Petitioner-appellant Roy Joseph appeals the district court's judgment dated February 20, 2013, dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. By memorandum decision entered February 20, 2013, the district court dismissed the petition as time-barred, concluding that Joseph was not entitled to either statutory or equitable tolling of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Joseph seeks relief from a 2002 New York State conviction, following a jury trial, for murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree. He is serving a sentence of consecutive terms of imprisonment of twenty years to life on the murder and attempted murder counts and a concurrent term of ten years' imprisonment on the weapon count.

This Court granted a certificate of appealability, <u>see</u> 28 U.S.C. § 2253(c), limited solely to whether Joseph's attempt

to file a coram nobis petition in 2006 sufficed to toll the limitations period and render his § 2254 petition timely. We assume the parties' familiarity with the facts and record of the prior proceedings.

## 1. Applicable Law

The timeliness of a habeas petition presents a question of law that we review de novo. See Pratt v. Greiner, 306 F.3d 1190, 1195 (2d Cir. 2002) (citing Smaldone v. Senkowski, 273 F.3d 133, 136 (2d Cir. 2001)). Where the district court makes factual findings relevant to an assessment of timeliness under a provision of 28 U.S.C. § 2244(d), we review those findings for clear error, see Hemstreet v. Greiner, 491 F.3d 84, 89 (2d Cir. 2007), but ultimately review de novo the legal determination of whether on those facts the petition was timely filed, see Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005).

The tolling provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Under § 2244(d)(2), therefore, a petition is statutorily tolled from the time it is "properly filed" and while it is "pending." Id.

3

The limitations period in § 2244(d) may also be "subject to equitable tolling in appropriate cases" -- specifically, where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 645, 649 (2010) (internal quotation marks omitted); see also Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) ("To qualify for [equitable tolling], the petitioner must establish that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." (internal quotation marks omitted)).

Under the "prison mailbox rule," a pro se prisoner's notice of appeal is filed when he delivers it to prison authorities for forwarding to the district court. See Houston v. Lack, 487 U.S. 266, 270-72 (1988). We have extended the prison mailbox rule to apply to prisoners' filings of coram nobis petitions. See Fernandez, 402 F.3d at 111-13, 116 (deeming coram nobis petition timely where it was placed in prison mailbox two days before statutory deadline, but not received until ten days after; delay was caused by the "prison's mistaken belief that Fernandez's prison account had insufficient funds to cover postage").

4

## 2. Application

In the district court, Joseph filed an affirmation and an affidavit, accompanied by certain documentary evidence. He stated that during the week of August 24, 2006, a "legal research clerk assigned to assist [him] filed his writ of error coram nobis with the Appellate Division, Second Department." (App. 47). Joseph was incarcerated at Attica Correctional Facility at the time, and he (or his legal research clerk) apparently filed his papers by handing them to a prison official. In June 2007, Joseph wrote the Clerk of the Court of the Appellate Division, Second Department, to inquire as to the "motion of Writ of Error Coram Nobis" he had "submitted" on August 24, 2006. (App. 49). The Second Department responded on June 19, 2007, advising that the court had not received his motion. By letter dated August 10, 2007, Joseph wrote the Inmate Correspondence Office at Attica asking for information about "legal papers" he had sent to the "Kings County Supreme Court" in August 2006. (App. 51). Someone in the Correspondence Office wrote back, confirming that "one free legal envelope" went out for Joseph during the week of August 21, 2006, but that no record was made of to whom the envelope was sent. (Id.).

5

Joseph then sent a new set of coram nobis papers to the Appellate Division on August 21, 2007.  The Appellate Division denied the petition on November 27, 2007.

Joseph acknowledges that his habeas petition would be time-barred unless the limitations period is statutorily or equitably tolled.[1]  On appeal, he argues that pursuant to the prison mailbox rule, he filed the coram nobis petition with the state court in August 2006 -- when he contends he submitted the papers to the prison authorities -- and the petition remained pending until the Appellate Division denied it on November 27, 2007.  Because the state court never received the petition, however, the district court declined to apply the prison mailbox rule, stating it did "not believe based on the record before it that a coram nobis application was properly filed with the Appellate Division."  Joseph v. Conway, No. 07-CV-05223 (RM), 2013 WL 632118 at *5 (E.D.N.Y. Feb. 20, 2013).

We remand to the district court for amplification of the record.  As noted in the certificate of appealability, "[w]hat constitutes sufficient evidence of a properly filed petition in compliance with the applicable law and rules governing filing" is unsettled in this Circuit.  (App. 69).

---

[1]     As Joseph's conviction became final for the purposes of AEDPA on November 28, 2005, he had until November 28, 2006 to seek habeas relief, unless he had (1) a pending state application for collateral review or (2) grounds for equitable tolling.  See 28 U.S.C. § 2244(d).

Indeed, the question whether the prison mailbox rule is available when the state court never receives an alleged filing is unanswered in this Circuit, and other circuits have reached different results.  Compare Ray v. Clements, 700 F.3d 993, 1008 (7th Cir. 2012) (setting forth burden-shifting standard, in which petitioner must make prima facie showing of delivery before burden shifts to state to disprove delivery), and Allen v. Culliver, 471 F.3d 1196, 1198 (11th Cir. 2006) (per curiam) (same), and Caldwell v. Amend, 30 F.3d 1199, 1202-03 (9th Cir. 1994) (same), with Grady v. United States, 269 F.3d 913, 916-17 (8th Cir. 2001) (placing "ultimate burden" on petitioner to show he should "benefit from the [prison mailbox] rule").  We decline to answer this question on the record before us, however, because of the factual uncertainties.  See Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, 152-53 (2d Cir. 1994) (remand is proper where factual record is "unclear").  Moreover, depending on the answers to the factual questions, it may be that the statutory tolling question need not be reached.

First, the record contains conflicting evidence as to whether Joseph sent his coram nobis petition to the Appellate Division or to the Supreme Court, Kings County.  The district court resolved the conflict against Joseph, even though he submitted some evidence that he did send the papers to the Appellate Division.  Second, although the Inmate Correspondence

7

Office reported using one free legal envelope for Joseph during the period he purportedly mailed his petition, the record is unclear as to what was sent and where it was sent. Indeed, as the state conceded at oral argument, no effort was undertaken to locate whatever prison mail logs exist. Third, Joseph states in his affidavit that "the legal research clerk assigned to assist [him] filed his writ of error coram nobis petition." (App. 47). It is unclear who this "legal research clerk" was, and we cannot discern whether he or she qualifies as a "prison authority" within the meaning of the prison mailbox rule. See Knickerbocker v. Artuz, 271 F.3d 35, 37 (2d Cir. 2001) (suggesting that the prison mailbox rule is unavailable where the "delay . . . is not attributable to prison officials"). Finally, the record is unclear whether Joseph has a copy of the coram nobis petition he allegedly filed in 2006. Counsel argues that a document apparently dated August 21, 2007 is the document that Joseph submitted in 2006, with the "6" in 2006 altered to a "7." But this is just speculation, and further inquiry should be made. The district court essentially concluded that because Joseph did not submit a copy, he must not have actually submitted the original in 2006. Again, the district court drew an inference against Joseph.

The State argues that the district court's order to show cause of January 10, 2008 gave Joseph the opportunity to

8

make a case for statutory or equitable tolling, but Joseph failed to do so.  Joseph clearly attempted to make his case, however, as he filed an affirmation, an affidavit, and supporting documentation.  But some of the information he needed was not in his possession, such as the mail log or other records from the Inmate Correspondence Office, and some of Joseph's statements were not as clear as they could have been.  Because he is incarcerated, Joseph is not in a position to carry out his own investigation to substantiate his allegations.  As Joseph's pro se status entitled him to "special solicitude" and "liberal" construction of his submissions, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted) (per curiam),[2] the district court should have inquired further.  Accord Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (holding that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (noting the "obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training").

---

[2]     "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"  Triestman, 470 F.3d at 474 (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).

We remand to the district court for additional fact-finding and to decide, on the basis of a more complete factual record, whether Joseph is eligible for statutory or equitable tolling.  If the facts do not support Joseph's contention that he attempted to file a <u>coram nobis</u> petition in August 2006, the question posed by the certificate of appealability may not need to be reached.  If the facts do demonstrate that Joseph "properly filed" his petition, then the district court shall decide whether the statute of limitations was tolled.

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk